**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SHERREE SEBAST,**

               **Plaintiff,**　　　　　　　　No. 09-cv-98
　　　　　　　　　　　　　　　　　　　　　　　　　(GLS-RFT)

      **v.**

**JOHN MAHAN, individually, and in his capacity
as Undersheriff of Albany County, New York,
JAMES CAMPBELL, individually, and in his
capacity as Sheriff of Albany County, New York,
LEONARD CROUCH, individually, and in his
capacity as an agent or employee of Albany
County, New York and ALBANY COUNTY,
NEW YORK,**

               **Defendants.**
_____

**APPEARANCES:**

FOR THE PLAINTIFF:

Office of Keith F. Schockmel　　　KEITH F. SCHOCKMEL, ESQ.
4 Atrium Drive
Suite 290, Executive Woods
Albany, NY 12205

FOR THE DEFENDANTS:

Luibrand Law Firm, PLLC　　　　KEVIN A. LUIBRAND, ESQ.
950 New Loundon Road
Latham, NY 12110

Hiscock, Barclay Law Firm　　　　MICHAEL J. SMITH, ESQ.

50 Beaver Street, 5th Floor
Albany, NY 12207-2830

Rehfuss, Liguori Law Firm    STEPHEN J. REHFUSS, ESQ.
40 British American Blvd.
Latham, NY 12110

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

Two motions are currently before the court– defendant Leonard Crouch's motion to dismiss (Dkt. No. 12) plaintiff Sherree Sebast's constitutional claims under 42 U.S.C. § 1983 and Sebast's motion to amend her complaint (Dkt. No. 20-2). Following review of defendant's brief in support of his motion to dismiss, Sebast's response, Sebast's motion to amend, and the record on the matter, defendant's motion is granted, in part, and denied, in part, and Sebast's motion to amend is denied.

## BACKGROUND

Sebast is an employee of Albany County, New York, working in the Sheriff's Department. (*See* Complaint at ¶ 5.) Sebast alleges that during the 2005 year she experienced discriminatory and harassing treatment by co-defendant John Mahan, the Undersheriff. (*Id.* at ¶ 11.) Specifically,

2

Sebast alleges that, among other things, Mahan obtained the access code to her answering machine and listened to her personal messages. (*Id.*) Mahan also drove by Sebast's home on numerous occasions. (*Id.*) Sebast alleges that Mahan also made derogatory sexual comments about her to co-workers, and that, at the Christmas party, Mahan assaulted her and physically injured her. (*Id.* at ¶¶11-13.) Sebast alleges that she complained to Sheriff James Campbell about Mahan's conduct, but Sheriff Campbell did nothing to stop it. (*Id.* at ¶ 15 and 20.) Sebast alleges that her complaint actually resulted in her transfer to a less desirable location in Cohoes, New York. (*Id.* at ¶ 17.)

Sebast alleges that, after her transfer to Cohoes, defendant Crouch and Mahan had a conversation wherein Mahan directed Crouch to "make her life a living hell," so that Sebast would resign from her employment with the County. (*Id.* at ¶ 21.) Sebast alleges that, as a result of Mahan's request, Crouch, among other things, mistreated her, humiliated her in front of co-workers, and screamed at her repeatedly. (Id. at ¶ 22.) Sebast alleges she again complained to Sheriff Campbell about Crouch's actions, but Sheriff Campbell failed to take any disciplinary action against Crouch. (Id. at ¶ 24.) Sebast alleges that, in January 2009, her "hourly wage was

3

reduced by approximately 17%," and that to her "knowledge, no other employee of Albany County has suffered such pay reduction." (Id. at ¶¶ 25-26.)

Sebast brought this action claiming several constitutional violations. Defendant Crouch has moved to dismiss Sebast's claims under the First Amendment and Equal Protection Clause, as well as Sebast's conspiracy claim.

## **DISCUSSION**

When deciding a motion to dismiss under Rule 12(b)(6), a court accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir. 1999). Accordingly, courts must look at whether the complaint has pled "enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Second Circuit has concluded, however, that, under *Twombly,* "the Supreme Court 'is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify

4

a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.'" *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008) (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).

  *I.* *Sufficiency of First Amendment Claim*

  "[W]hen an employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of a personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Saulpaugh v. Monroe Cmty. Hosp.,* 4 F.3d 134, 143 (2d Cir. 1993). Defendant Crouch contends that Sebast's allegations are not entitled to First Amendment protection because they are motivated by and concerned only with her employment situation and do not involve matters of public concern.

  However, Sebast's allegations in her complaint reflect a conduct which could be criminal in nature under New York law. "A public employee's speech addresses a matter of public concern when it relates to an issue of 'political, social, or other concern to the community.'"

5

*McGreevy v. Stroup,* 413 F.3d 359, 365 (3d Cir. 2005) (citing *Connick v. Myers,* 461 U.S. 138, 146 (1983)). "Exposing governmental inefficiency and misconduct is a matter of considerable significance." *Garcetti v. Ceballos,* 547 U.S. 410, 425 (2006). Thus, Sebast's allegations of criminal behavior against her fellow officers could touch upon a matter of public concern. *Fikes v. City of Daphne,* 79 F.3d 1079, 1084 (11th Cir. 1996) (holding that an officer's report of misconduct by fellow officer was a matter of public concern). Accordingly, the court will deny defendant's motion to dismiss with respect to this claim.

  II. *Sufficiency of Equal Protection Claim*

To state a claim of discrimination under the Equal Protection Clause, a plaintiff must allege that (1) compared with other similarly situated persons, the plaintiff was selectively adversely treated; and (2) "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Lisa's Party City, Inc. v. Town of Henrietta,* 185 F.3d 12, 16 (2d Cir. 1999) (citations and internal quotation marks omitted). "An employee is denied her equal protection right to be free from gender discrimination when she is treated differently

6

from other similarly situated employees, thus suffering disparate treatment because of gender." *Annis v. County of Westchester,* 136 F.3d 239, 245 (2d Cir. 1998) (citations and quotations omitted).  Here, the complaint vaguely alleges that Sebast was treated differently from all other employees, (see Complaint at ¶ 37), but Sebast asserts in her brief that she was mistreated because she is a woman.  Through her motion to amend, Sebast also states she received such treatment "because plaintiff is a woman."  (See Proposed Amended Complaint at ¶ 37.)  However, in her original complaint, Sebast alleges that her employer, in retaliation, reduced her pay, but also states that "no other employee of Albany County has suffered such a pay reduction."  (See Complaint at ¶ 17.)  Apparently, Sebast's alleged acts of retaliation occurred not merely because she is a woman.  In any event, the complaint fails to make allegations from which the court could infer that Sebast's allegations of mistreatment occurred because she is a woman.  For example, Sebast does not make any specific allegations of any other instances where women have received such alleged treatment.  Sebast's addition of one sentence in her proposed amended complaint stating that she was mistreated "because [she] is a woman" is not enough to survive defendant's motion to dismiss.  "A claim

7

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Sebast's conclusory allegations do not permit the court to draw such reasonable inference. Because Sebast's proposed amendment is futile, *see Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002), the court will deny her motion to amend, and will grant defendant's motion to dismiss with respect to this claim.

   III.   *Sufficiency of Conspiracy Claim*

Employees of a single corporate entity are legally incapable of conspiring together under the intracorporate conspiracy doctrine. *Herrmann v. Moore,* 576 F.2d 453 (2d Cir. 1978). Here, Sebast alleges a conspiracy among defendants under Section 1983. However, she also claims that defendants were acting as employees of Albany County during the alleged conspiracy. Accordingly, because defendants were incapable of conspiring, defendant's motion to dismiss will be granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss (Dkt. No. 12.) is **GRANTED** with respect to the plaintiff's claims of (1) equal protection

8

(Second Cause of Action in plaintiff's Complaint), and (2) conspiracy (Fourth Cause of Action in plaintiff's Complaint), but **DENIED** in all other respects; and it is further

**ORDERED** that the plaintiff's cross-motion seeking to amend her complaint (Dkt. No. 20-2.) is **DENIED**; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
July 28, 2009

_____
United States District Court Judge

9